# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## DISTRICT OF MARYLAND
NORTHERN DIVISION
TOWER II, 9TH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872
TOLL FREE: (855) 213-8450

JAMES WYDA
FEDERAL PUBLIC DEFENDER

SHARI SILVER DERROW
ASSISTANT FEDERAL PUBLIC DEFENDER

May 20, 2020

The Honorable Ellen L. Hollander
United States District Court
 for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

    Re:    United States v. Kiara Morton
           Crim. No. ELH-19-0596

Dear Judge Hollander:

    Ms. Morton has agreed to plead guilty to Counts One and Two of the Indictment pending against her in Criminal Case Number ELH-19-0596, which charges her with theft of mail matter by a postal employee, in violation of 18 U.S.C. § 1709 (Count One), and destruction of mail by a postal employee, in violation of 18 U.S.C. § 1703(a) (Count Two). The parties have not entered into a plea agreement. The purpose of this letter is to memorialize the factual basis for the plea and to assist the Court in the Rule 11 colloquy

## Offenses of Conviction

    1.    Ms. Morton agrees to plead guilty to the Indictment pending against her in Criminal Case Number ELH-19-0596, which charges her with theft of mail matter by a postal employee, in violation of 18 U.S.C. § 1709 (Count One), and destruction of mail by a postal employee, in violation of 18 U.S.C. § 1703(a) (Count Two). Ms. Morton admits that she is, in fact, guilty of those offenses and will so advise the Court.

## Elements of the Offense

    2.    The elements of the offenses to which Ms. Morton has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

    a.    Count One: Theft of Mail Matter by a Postal Employee

In the District of Maryland, beginning on or about May 8, 2019, and continuing through on or about June 19, 2019:

    First, the Defendant was an employee of the United States Postal Service;

Second, the Defendant intentionally stole, abstracted, or removed from any letter, postal card, package, bag, or mail, any article or thing contained therein; and

Third, the letter, postal card, package, bag, or mail, or article or thing contained therein, was entrusted to the Defendant or came into her possession intended to be conveyed by mail.

        b.       Count Two: Destruction of Mail by a Postal Employee

In the District of Maryland, beginning on or about May 8, 2019, and continuing through on or about June 19, 2019:

First, the Defendant was an employee of the United States Postal Service;

Second, the Defendant intentionally secreted, destroyed, detained, delayed, or opened any letter, postal card, package, bag, or mail;

Third, the letter, postal card, package, bag, or mail was entrusted to the Defendant or came into her possession; and

Fourth, the letter, postal card, package, bag, or mail was intended to be conveyed by mail.

### Penalties

3.      The maximum sentence provided by statute for each of the offenses to which the Defendant is pleading guilty is as follows: a term of imprisonment of five years, a fine of $250,000, and a period of supervised release for three years. In addition, the Defendant must pay $200.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order the Defendant to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. If the Defendant serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, her supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

4.      Ms. Morton understands that by pleading guilty, she surrenders certain rights as outlined below:

        a.       If Ms. Morton had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if Ms. Morton, the Government, and the Court all agreed.

b.      If Ms. Morton elected a jury trial, the jury would be composed of twelve individuals selected from the community. Undersigned counsel and Ms. Morton would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before Ms. Morton could be found guilty of any count. Similarly, all twelve jurors would have to agree in order for Ms. Morton to be found not guilty. The Court would instruct the jury that Ms. Morton was presumed to be innocent, and that presumption could be overcome only by proof that satisfied the jury beyond a reasonable doubt.

c.      If Ms. Morton went to trial, the Government would have the burden of proving Ms. Morton guilty beyond a reasonable doubt. Ms. Morton would have the right to confront and cross-examine the Government's witnesses. Ms. Morton would not have to present any defense witnesses or evidence whatsoever. If Ms. Morton wanted to call witnesses in her defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

d.      Ms. Morton would have the right to testify in her own defense if she so chose, and she would have the right to refuse to testify. If she chose not to testify, the Court could instruct the jury that it could not draw any adverse inference from her decision not to testify. In other words, the Court would tell the jury that it could not believe that Ms. Morton was guilty simply because she did not testify.

e.      If Ms. Morton were found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against her.

f.      By pleading guilty, Ms. Morton will be giving up all of these rights, except the right to appeal the sentence. By pleading guilty, Ms. Morton understands that she may have to answer the Court's questions both about the rights she is giving up and about the facts of her case.

g.      If the Court accepts Ms. Morton's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find her guilty.

h.      By pleading guilty, Ms. Morton will also be giving up certain valuable civil rights.   She understands that, if she is not a citizen of the United States, there are immigration consequences associated with this conviction and has been counseled accordingly.

## Sentencing Guidelines Apply

5.      Ms. Morton understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1)

3

and 3742(e)) and 28 U.S.C. §§ 991 through 998. Ms. Morton further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a sufficient sentence.

## Factual Statement

6.      Ms. Morton agrees that the Government would prove beyond a reasonable doubt the following facts if this case were to proceed to trial:

The Defendant, Kiara Morton, age 24, was a resident of Owings Mills, Maryland, and was employed by the United States Postal Service (the "Postal Service") as a Mail Processing Clerk assigned to the Incoming Mail Facility ("IMF") in Linthicum, Maryland. The Postal Service is an agency of the United States government responsible for transporting letters, parcels, and other mail as directed by postal customers.

Ms. Morton's duties as a Postal Support Employee, Mail Processing Clerk included feeding letter mail onto a Delivery Barcode Sorter ("DBCS") so the automated equipment could then sort the mail to the intended stacker on the DBCS. After mail pieces were fed onto the DBCS, a clerk would then be responsible for sweeping the mail from the DBCS and placing the mail into the corresponding letter tray for the appropriate Delivery Point Sequence ("DPS"), or post offense destination. At times, Ms. Morton was the only Mail Processing Clerk assigned to a DBCS, so she was responsible for both the feeding of the mail, and placing the mail on the corresponding letter tray.

Ms. Morton was not authorized to open articles of mail that she collected and sorted in the course of her work as a Mail Processing Clerk. However, beginning no later than May 8, 2019, and continuing through on or about June 19, 2019, Ms. Morton opened and stole from articles of mail she sorted in her capacity as a Mail Processing Clerk. Ms. Morton ripped the sealed envelopes of the articles of mail in the process of opening them. Ms. Morton removed gift cards and United States currency from articles of mail she had opened without authorization, and retained them with intent to convert to her own personal use. The articles of mail opened by Ms. Morton were intended to be conveyed by mail and carried and delivered by employees of the Postal Service from a post office or station of the Postal Service. All events occurred in the District of Maryland.

## Advisory Sentencing Guidelines Factors

7.      The sentencing guidelines have not been determined in this case. Ms. Morton understands that generally, the following analysis applies:

a.      Pursuant to U.S.S.G. § 2B1.1(a)(2), the base offense level is 6. The offense level is increased by 2, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), because the offenses involved 10 or more victims. The offense level is increased by 2, pursuant to U.S.S.G. § 3B1.3, because the Defendant abused a position of public trust. The offenses group pursuant to U.S.S.G. § 3D1.2.

b.      Based on Ms. Morton's prompt recognition and affirmative acceptance of

responsibility for her criminal conduct, she will receive a two-level reduction in the base offense level under U.S.S.G. § 3E1.1(a).  Thus, the final anticipated offense level is 8.

c.    Ms. Morton understands that her criminal history could alter her advisory *guideline range.*

## Sentence Within the Discretion of the Court

8.    Ms. Morton understands that under the current state of the law in the federal system, the sentence to be imposed is within the sole discretion of the Court.  The defendant understands that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.  In determining the factual basis for the sentence, the Court will consider the stipulated statement of facts, together with the results of the presentence investigation, and any other relevant information.  The defendant understands that the Court is under no obligation to accept any recommendation in regards to her sentence, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.  The defendant understands that if the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to her guilty plea.  The defendant understands that neither the prosecutor, her counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the defendant will receive.  The defendant agrees that no one has made such a binding prediction or promise.

I, Kiara Morton, have reviewed the contents of this letter with my attorney.  I understand it and do not wish to change any part of it.  I am satisfied with the representation of my attorney.

5/21/2020
Date

Kiara Morton, Defendant

I have carefully reviewed the contents of this letter with Ms. Morton.  She has advised me that she understands and willingly pleads guilty.  To my knowledge, her decision is informed and voluntary.

5/21/2020
Date

Shari Silver Derrow
Assistant Federal Public Defender

5